# EXHIBIT B



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/009,325 | 11/07/2008 | 6566052 | T126 7001 | 4775 |

| | | |
|---|---|---|
| 44444 | 7590 | 07/07/2009 |

BAXTER HEALTHCARE CORPORATION
ONE BAXTER PARKWAY
DF2-2E
DEERFIELD, IL 60015

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED: 07/07/2009

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC

ATTN: PATENT DOCKETING

P.O. BOX 7037

ATLANTA, GA 30357-0037

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/009,325*.

PATENT NO. *6566052*.

ART UNIT *3991*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

# R E E X A M I N A T I O N

## REASONS FOR PATENTABILITY / CONFIRMATION

Reexamination Control No. *90/009,325*          Attachment to Paper No. *20090625*.

Art Unit *3991*.

See attachment.

| /BRENDA BRUMBACK/ | PADMASHRI PONNALURI | DEBORAH D. JONES |
|---|---|---|
| Primary Examiner, Art Unit 3991 | PRIMARY EXAMINER CRU - AU 3991 | CRU SPE-AU 3991 |

PTOL-476 (Rev. 03-98)

| | Control No. | Patent Under Reexamination |
|---|---|---|
| **Notice of Intent to Issue**<br>***Ex Parte* Reexamination Certificate** | 90/009,325 | 6566052 |
| | Examiner | Art Unit | |
| | BRENDA BRUMBACK | 3991 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

1. ☒ Prosecution on the merits is (or remains) closed in this *ex parte* reexamination proceeding. This proceeding is subject to reopening at the initiative of the Office or upon petition. *Cf.* 37 CFR 1.313(a). A Certificate will be issued in view of
    (a) ☒ Patent owner's communication(s) filed: *4/20/09 & 5/14/09*.
    (b) ☐ Patent owner's late response filed: _____.
    (c) ☐ Patent owner's failure to file an appropriate response to the Office action mailed: _____.
    (d) ☐ Patent owner's failure to timely file an Appeal Brief (37 CFR 41.31).
    (e) ☐ Other: _____.

    Status of *Ex Parte* Reexamination:
    (f) Change in the Specification: ☐ Yes ☒ No
    (g) Change in the Drawing(s): ☐ Yes ☒ No
    (h) Status of the Claim(s):
        (1) Patent claim(s) confirmed: *1-25*.
        (2) Patent claim(s) amended (including dependent on amended claim(s)): _____
        (3) Patent claim(s) cancelled: _____.
        (4) Newly presented claim(s) patentable: _____.
        (5) Newly presented cancelled claims: _____.

2. ☒ Note the attached statement of reasons for patentability and/or confirmation. Any comments considered necessary by patent owner regarding reasons for patentability and/or confirmation must be submitted promptly to avoid processing delays. Such submission(s) should be labeled: "Comments On Statement of Reasons for Patentability and/or Confirmation."

3. ☐ Note attached NOTICE OF REFERENCES CITED (PTO-892).

4. ☒ Note attached LIST OF REFERENCES CITED (PTO/SB/08).

5. ☐ The drawing correction request filed on _____ is: ☐ approved ☐ disapproved.

6. ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).
    a)☐ All   b)☐ Some*   c)☐ None   of the certified copies have
        ☐ been received.
        ☐ not been received.
        ☐ been filed in Application No. _____.
        ☐ been filed in reexamination Control No. _____.
        ☐ been received by the International Bureau in PCT Application No. _____.

    * Certified copies not received: _____.

7. ☐ Note attached Examiner's Amendment.

8. ☐ Note attached Interview Summary (PTO-474).

9. ☐ Other: _____.

| /BRENDA BRUMBACK/<br>Primary Examiner, Art Unit 3991 | PADMASHRI PONNALURI<br>PRIMARY EXAMINER<br>CRU - AU 3991 | DEBORAH D. JONES<br>CRU SPE-AU 3991 |
|---|---|---|

cc: Requester (if third party requester)

U.S. Patent and Trademark Office
PTOL-469 (Rev.08-06)      **Notice of Intent to Issue Ex Parte Reexamination Certificate**      Part of Paper No 20090625

## *Ex Parte* Reexamination

## Notice of Intent to Issue Reexamination Certificate

### *Procedural Posture*

This is an *ex parte* reexamination of **U.S. Patent 6,566,052**, issued on 05/20/03 to

Peddada *et al.* (the '052 Patent).

A First Office Action was mailed on 02/19/09.

Patent Owners' Response to the Nonfinal Office Action was filed on 04/20/09 with

accompanying Phatarfod and Sudbury, Stramer, Smith, and Young Evidentiary Declarations.

Patent Owner's Supplemental Response was filed on 05/14/09 with an accompanying

evidentiary document in the form of a transcript from the March 13, 1997 session of the Fifty-

Fourth Meeting of the Blood Products Advisory Committee of the Food and Drug

Administration Center for Biologics Evaluation (the "FDA Meeting" document).

### *Information Disclosure Statements*

The Information Disclosure Statements filed 2/20/09, 4/20/09, 5/14/09, 6/12/09, and

6/19/09 have all been considered. Signed copies are attached hereto. All USPTO Office Action

documents filed with the IDS on 4/20/09 were considered; however, those documents have been

lined through on the PTO/SB/08 form as not appropriate for printing on the face of the

reexamination certificate.

Documents filed with the IDS of 2/20/09, 4/20/09, 5/14/09, and 6/19/09 which were not

in English have not been considered and are lined through, as there was no English translation or

explanation of the relevance of the documents provided with the disclosure statements.

Each information disclosure statement must include a concise explanation of the

relevance, as it is presently understood by the individual designated in 37 CFR 1.56(c) most

knowledgeable about the content of the information listed that is not in the English language. If a

complete translation of the information into English is submitted with the non-English language

information, no concise explanation is required. An English-language equivalent application may

be submitted to fulfill this requirement if it is, in fact, a translation of a foreign language

application being listed in an information disclosure statement. Submission of an English

language abstract of a reference may fulfill the requirement for a concise explanation (MPEP

1.97).

### *The '563 Patent Invention*

Claims 1-25 of the '052 Patent are drawn to a method for **testing plasma donations in a**

**single high-sensitivity test cycle**, comprising the steps of

defining an n-dimensional matrix, where n is an integer, the matrix further comprising a

multiplicity of elements, each element defined by an intersection of the n-dimensions of the

matrix, each individual element identified by a respective matrix notation, the matrix notation

comprising at least an index for each dimension of the array;

taking a sample from each of the multiplicity of biological fluid donations;

mapping each sample to a respective particular one of each element of the matrix, each

individual sample identified by its corresponding element's respective matrix notation;

taking aliquots from each sample, the number of aliquots taken from each sample defined

by the number of dimensions characterizing the matrix;

forming subpools from the aliquots of each sample, each subpool containing an aliquot

from all samples identified by a matrix notation in which one dimensional index is fixed, each

respective subpool identified by said fixed dimensional index;

providing the subpools to a high-sensitivity testing facility, **wherein all of the subpools**

**are tested for viral indication in a single high-sensitivity test cycle**;

determining the respective fixed dimensional indices of subpools which return a positive

viral indication; and

combining said fixed dimensional indices into a matrix notation, thereby unambiguously

identifying a unique matrix element defined by the matrix notation, thus unambiguously

identifying a uniquely viral positive sample; and

disposing of the biological fluid donation corresponding to the viral positive sample.

(emphasis added).

### *Withdrawn Claim Rejections*

The rejection of claims 1, 2, 13, and 25 under 35 U.S.C. 103(a) as unpatentable over

Phatarfod, in view of Atwood and Patentee's Admission, and the rejection of claims 3-11 and

14-24 under 35 U.S.C. 103(a) as unpatentable over Phatarfod, in view of Atwood and Patentee's

Admission, and further in view of Kenny are withdrawn pursuant to Patent Owner's Arguments

and the Evidentiary Declarations of Phatarfod and Sudbury, Stramer, Smith, and Young, which

are persuasive.

## STATEMENT OF REASONS FOR PATENTABILITY AND/OR CONFIRMATION

**The following is an examiner's statement of reasons for patentability confirmation**

**of claims 1-25 of US Patent 6,566,052 to Peddada et al. (the '052 patent).**

The Declaration of Phatarfod and Sudbury, authors of the primary reference used to reject

the claims in the Nonfinal Rejection mailed 02/19/09, provides evidence that Phatarfod *et al.*

teach away from the critical feature of the present claims, which is testing blood donations for

viral contamination in a single high sensitivity test cycle (or more specifically by a single PCR

testing cycle). Phatarfod *et al.* attest to the fact that the testing steps set forth in the Phatarfod *et*

*al.* reference were intended to be performed separately and sequentially. The single test cycle

scheme, as is presently claimed, was not contemplated by Phatarfod *et al.* or in any of the other

references of record.

Furthermore, the Stramer, Smith, and Young Declarations with the supporting FDA

Meeting document (see Patent Owner's response of 5/14/09, page 2) provides evidence of

nonobviousness of the claimed method and also of a long-felt need for a sensitive, rapid, and

cost-effective means for screening blood donations, which was not met until the present

invention. Furthermore, as is attested to by Stramer (see Paragraph 17 of the Stramer

Declaration), because Kenny is directed to solving a different problem than the one addressed by

the present invention, *i. e.*, identification and typing of a virus isolate using pooled antisera, the

skilled virologist at the time of the invention would not have looked to Kenny to combine with

Phatarfod, in order to arrive at the presently claimed method of forming a three dimensional

array of pooled blood donations and testing those donations for viral contamination in a single

high sensitivity test cycle (see patented claims 3-7, for example).


## *Conclusion*

**Claims 1-25 are confirmed.**

Any comments considered necessary by PATENT OWNER regarding the above

statement of reasons for patentability and/or confirmation must be submitted promptly to avoid

processing delays. Such submission by the patent owner should be labeled: "Comments on

Statement of Reasons for patentability and/or Confirmation" and will be placed in the

reexamination file.


## *Future Correspondence*

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to **Brenda Brumback** whose telephone number **571-272-0961.** The

examiner can normally be reached on Monday through Friday between 8:30 AM and 5:00 PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor **Deborah Jones** can be reached on **571-272-1535**. The fax phone number for the

organization where this application or proceeding is assigned is **571-273-9900**.

Information regarding the status of an application may be obtained from the Patent

Application Information Retrieval (PAIR) system. Status information for published applications

may be obtained from either Private PAIR or Public PAIR. Status information for unpublished

applications is available through Private PAIR only. For more information about the PAIR

system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR

system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free)i

All correspondence relating to this Ex parte Reexamination proceeding should be directed to:

By EFS:

Registered users may submit via the electronic filing system EFS-Web at

    https://sportal.uspto.gov/authenticate/authenticateuserlocalepf.html

By Mail to:

    Attn: Mail Stop "Ex Parte Reexam" Central Reexamination Unit Commissioner for
    Patents
    P. O. Box 1450
    Alexandria VA 22313-1450

By FAX to:
(571) 273-9900
Central Reexamination Unit

Hand-deliver any communications to:
Customer Service Window
Attn: Central Reexamination Unit
Randolph Building, Lobby Level
401 Dulany Street
Alexandria, VA 22314

Signed:

/Brenda Brumback/
Primary Examiner CRU
Art Unit 3991
(571)272-0961

DEBORAH D. JONES
CRU SPE-AU 3991

PADMASHRI PONNALURI
PRIMARY EXAMINER
CRU - AU 3991